In the Matter of the Claim of CATHERINE COSTELLO, Respondent, against FREDERICK H. LEVEY COMPANY, INC., and Another, Appellants.

STATE INDUSTRIAL BOARD, Respondent.

Appeal from an award of the State Industrial Board, noticed on July 24, 1935, modifying an award noticed on February 25, 1935.

Award affirmed, with costs to the State Industrial Board.

Hill, P. J., Rhodes and Bliss, JJ., concur; McNamee, J., dissents with an opinion in which Crapser, J., concurs.

McNAMEE, J. (dissenting). The deceased for whose death this claim is made had worked for the employer about forty years, earning about forty-two dollars a week. The employer decided in 1932 that he was no longer able to do his work, and, therefore, dismissed him on a weekly pension of twenty-one dollars. He was injured about two years later while carrying a package for the employer.

The employer's first notice of injury answered the question, " What was injured person's regular occupation? " by stating, " Pensioner, occasionally used as messenger."

The facts in the case are not in dispute. The evidence is that the deceased spent most of his time at the employer's plant, but his presence there had nothing to do with his pension; that he was not required to report for duty, nor required to do any work; he had nothing to do; he carried some packages, " to while away the time." He came and went as he chose, and was not subject to orders.

The relation between the deceased and the employer was wholly informal, and voluntary. There was no contract of hiring, and no relation of employer and employee. The deceased owed no obligation of service to the employer, and the employer owed no obligation of compensation to the deceased. The pension had nothing to do with the services which the deceased rendered, and was not a consideration therefor; nor were the services consideration for the pension. The basic relation underlying our statute, viz., that of a contract of hiring — an agreement to render services and to receive wages therefor — was wholly absent.

The employer's participation in this proceeding is formal, and its interest nominal; the carrier is the real respondent in interest, and that interest is substantial. It does not appear that the insurance policy of the employer covered the decedent, nor that there was any intention that premiums should be paid on his " earnings," for he had none. The name of the decedent was not on the books of the company as one earning wages. Where is the insurance company to get the money with which to pay such claims?

The award should be reversed, and the claim dismissed. (*Ferro v. Sinsheimer Estate, Inc.*, 256 N. Y. 398, and *Matter of Seymour v. Odd Fellows' Home*, 267 id. 354.)

Crapser, J., concurs.